1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HALLER,<br><br>                                      Plaintiff,<br><br>      v.<br><br>RAYMOND E. MABUS, Secretary of the Navy<br><br>                                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 15-CV-1444-BTM-DHB<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

On July 1, 2015, *pro se* Plaintiff, David Haller filed a Complaint against Defendant, Raymond E. Mabus, Secretary of the Navy under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff alleges that he was subjected to sexual harassment and retaliation while employed by the United States Marine Corps. Defendant has not made an appearance in this matter.

/ / /

/ / /

On August 17, 2015, Plaintiff filed a Request for Appointment of Counsel using the form under 42 U.S.C. § 2000e-5(f)(1) ("Form"). There is no right to counsel in civil cases and district courts may appoint counsel only under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). In determining whether to appoint counsel under § 2000e-5(f)(1), a district court should consider the following three factors: (1) the plaintiff's financial resources; (2) efforts made to secure counsel on his or her own; and (3) the claim's merit. <u>See Johnson v. U.S. Dept. of Treasury</u>, 939 F.2d 820, 824 (9th Cir. 1991). Ultimately, the determination of whether to appoint counsel is left to the sound discretion of the district court. <u>Id</u>.

Upon reviewing the Form, the Court finds that though Plaintiff is currently unemployed, his financial situation does not appear to warrant appointment of *pro bono* counsel. Additionally, though Plaintiff claims to have contacted a number of attorneys who either failed to return his call or refused to take his case due to its complexity, Plaintiff has not supplied a log of those efforts (Doc. 3, at 4). Thus, the Court cannot determine whether Plaintiff has made a diligent effort to obtain counsel. Plaintiff's filings also indicate that he appears capable of litigating this matter *pro se*.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Additionally, based on the facts in the Complaint, the Court cannot at this time say that there is any likelihood of success on the merits.

For these reasons, the Court DENIES Plaintiff's motion to appoint counsel without prejudice.

**IT IS SO ORDERED.**

Dated:  August 24, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court

15cv1444-BTM-DHB