UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID HALLER,

Plaintiff,

v.

RAYMOND E. MAYBUS,
Secretary of the Navy,

Defendant.

Case No.:  15cv1444 BTM (DHB)

**ORDER GRANTING MOTION TO TRANSFER VENUE**

On October 13, 2015, Defendant Raymond Maybus filed a motion to transfer the instant case to the District of Arizona. (ECF No. 11.) Plaintiff David Haller did not file an opposition brief. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I.  BACKGROUND

Plaintiff's Complaint includes allegations of sexual harassment and employment discrimination in violation of Title VII. The alleged violations took place while Plaintiff worked as a motorcycle rider coach at the Marine Corps Air Station in Yuma, Arizona ("MCAS Yuma"). (Compl. ¶¶ 9-13.) Following the alleged discrimination, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Compl. 22.) The EEOC mailed its decision

1

to dismiss Plaintiff's case on April 16, 2015, and Plaintiff subsequently filed this action on June 1, 2015. (Compl. ¶ 22.)

Defendant moves to transfer venue on the grounds that the alleged events took place in Arizona and that Plaintiff would have continued to work in Arizona but-for the alleged employment practice.

## II.  DISCUSSION

Title VII includes a venue provision[1] that authorizes suit in any district (1) where the unlawful employment practice was committed; (2) where the employment records are kept; and (3) where the plaintiff would have worked but-for the alleged discrimination. 42 U.S.C. § 2000e-5(f)(3). See also Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 504 (9th Cir. 2000). The statute goes on to state that, "if the [defendant] is not found within any such district, such an action may be brought [where] the [defendant] has his principle office." 42 U.S.C. § 2000e-5(f)(3).

Here, the District of Arizona, not the Southern District of California, is the proper venue. Plaintiff notes in his complaint that the alleged sexual harassment

---

[1] Title VII's venue provision applies over the general venue statute, 28 U.S.C. § 1391, because the "shall govern" language in § 2000e-5(f) renders Title VII's venue provisions mandatory. See Johnson v. Payless Drug Stores Nw., Inc., 950 F.2d 586, 587-88 (9th Cir. 1991).

2

occurred in Arizona while he was employed as a motorcycle riding coach at

MCAS Yuma. Moreover, as Defendant notes, the record supports the conclusion

that Plaintiff would have continued working at MCAS Yuma but-for the alleged

unlawful acts.

As for the district where the records are kept, Defendant submits the

declaration of Erin Carroll, the Director of the Human Resources Office at MCAS

Yuma, to demonstrate that the official personnel records are kept in an electronic

database. This database is used for human resource functions at the

headquarters in Washington, the regional Office of Civilian Human Resources,

and at MCAS Yuma. Even though the records are electronic and accessible in

multiple districts, the Southern District of California is not a proper venue under

the statute because, if nothing more, the employment records were created in

Arizona. The facts that the alleged violations took place in Arizona, and that

Plaintiff would have continued working in Arizona but-for the alleged employment

practices, make the District of Arizona the proper venue for this Title VII case.


### III.  CONCLUSION

When a plaintiff files a case "laying venue in the wrong division or district,"

the district court "shall dismiss, or if it be in the interest of justice, transfer such

case to any district or division in which it should have been brought." 28 U.S.C. §

3

1406(a). Although the Court has the authority to dismiss the instant case, the Defendant moves for transfer of venue, not dismissal.

For the reasons discussed above, Defendant's motion to transfer venue is **GRANTED.** The Clerk shall **TRANSFER** the instant action to the United States District Court for the District of Arizona.

**IT IS SO ORDERED.**

Dated:  April 5, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court

15cv1444 BTM (DHB)